# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

GERARD MORRIS,

     Petitioner,

v.                                                                                    No. 23-cv-0282-MV-KK

HECTOR RIOS, *Warden,* and
ATTORNEY GENERAL FOR
THE STATE OF NEW MEXICO,

     Respondents.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Petitioner Gerard Morris' Amended Habeas Petition Under 28 U.S.C. § 2254 (Doc. 4) (Amended Petition).   Morris challenges his 2018 state convictions based on, inter alia, due process violations.   Having reviewed the matter *sua sponte* under Habeas Corpus Rule 4, the Court will require Morris to show cause why this matter should not be dismissed for failure to file within the one-year limitation period.

## BACKGROUND[1]

In 2018, a jury convicted Morris of criminal sexual penetration of a child under 13 years of age.   *See* Doc. 1 at 1.   The state court sentenced him to 18 years of imprisonment, followed by term of parole.   *Id*; *see also* Judgment and Sentence in D-1329-CR-2017-009.   Judgment was entered April 23, 2018.   *See* Judgment and Sentence in D-1329-CR-2017-009.   Morris filed a direct appeal, and the New Mexico Court of Appeals (NMCA) affirmed.   *See State v. Morris,* 2020 WL

---

[1] To better interpret the citations in the Petition, the Court takes judicial notice of Morris' state court criminal dockets, Case No. D-1329-CR-2017-009; S-1-SC-38573; and S-1-SC-39173.   *See United States v. Smalls*, 605 F.3d 765, 768 n. 2 (10th Cir. 2010) (recognizing a court may take judicial notice of docket information from another court); *Mitchell v. Dowling*, 672 Fed. App'x 792, 794 (10th Cir. 2016) (Habeas courts may take "judicial notice of the state-court docket sheet to confirm the date that each [state] motion was filed").

6178021, at *1 (N.M. App. Oct. 21, 2020).   The New Mexico Supreme Court (NMSC) denied certiorari relief on November 25, 2020.   *See* Order Denying Cert. Pet. in S-1-SC-38573.   The state dockets reflect Morris did not seek further review with the United States Supreme Court (USSC). His conviction therefore became final no later than February 24, 2021, *i.e.,* the first day after expiration of the 90-day federal certiorari period.   *See Rhine v. Boone*, 182 F.3d 1153, 1155 (10th Cir. 1999) (where petitioner declines to seek federal certiorari review on direct appeal, the conviction becomes final after the 90-day USSC certiorari period has passed).

Morris filed a state habeas petition later that year, on September 24, 2021.   *See* Habeas Corpus Petition in D-1329-CR-2017-009.   The state court dismissed the petition on November 19, 2021.   *See* Procedural Order on Petition for Writ of Habeas Corpus in D-1329-CR-2017-009. Morris sought certiorari review with the NMSC, which denied relief by an Order entered February 15, 2022.   *See* Order Denying Cert. Pet. in S-1-SC-39173.

Morris filed the instant, federal § 2254 proceeding on March 31, 2023.   *See* Doc. 1.   He amended his petition, pursuant to Court Order, on December 4, 2023.   *See* Docs. 3, 4.   Morris alleges he was not permitted to confront his accusers; the evidence is insufficient to support a conviction; the state court failed to declare a mistrial; the jury failed to follow instructions; and the charging documents should not have been amended and/or contain inaccurate information.   *See* Doc. 4.   Morris paid the $5.00 filing fee, and the Amended Petition is ready for initial review pursuant to Habeas Corpus Rule 4.

## DISCUSSION

Petitions for a writ of habeas corpus by a person in state custody must generally be filed within one year after the judgment becomes final.   28 U.S.C. § 2244(d)(1)(A).   As noted above,

a judgment becomes final "by the conclusion of direct review or the expiration of the time for seeking such review." *Locke v. Saffle*, 237 F.3d 1269, 1272 (10th Cir. 2001).  The one-year limitation period can be extended:

(1)     While a state habeas petition is pending, § 2244(d)(2);

(2)     Where unconstitutional state action has impeded the filing of a federal habeas petition, § 2244(d)(1)(B);

(3)     Where a new constitutional right has been recognized by the Supreme Court, § 2244(d)(1)(C); or

(4)     Where the factual basis for the claim could not have been discovered until later, § 2244(d)(1)(D).

Equitable tolling may also be available "when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his [or her] control." *Marsh v. Soares,* 223 F.3d 1217, 1220 (10th Cir. 2000).  *See also Yang v. Archuleta,* 525 F.3d 925, 928 (10th Cir. 2008) (A petitioner who seeks equitable tolling bears a "strong burden" to identify specific facts establishing that he diligently pursued his federal claims and that extraordinary circumstances prevented him from filing a federal habeas petition before the one-year limitations period expired).

Here, the one-year limitation period began to run no later than February 24, 2021, after Morris declined to seek federal certiorari review and the direct appeal period expired.  *See Rhine*, 182 F.3d at 1155.  Two hundred and twelve (212) days passed before Morris filed his first state habeas petition on September 24, 2021, which stopped the clock pursuant to § 2244(d)(2).  That proceeding remained pending through February 15, 2022, when the NMSC entered its order

denying Morris' certiorari petition.  *See Lawrence v. Florida,* 549 U.S. 327, 332 (2007) (For tolling purposes, a "state postconviction application remains pending until the application has achieved final resolution through the State's postconviction procedures.") (internal citations omitted).  "The next day [February 16, 2022] statutory tolling ceased," and the remaining "time for filing a federal habeas petition [153 days]$^2$ resumed…."  *Trimble v. Hansen*, 2019 WL 990686, at *2 (10th Cir. Feb. 28, 2019) (addressing habeas tolling calculations).  The state docket reflects there was no additional tolling activity during the next 153 days.  The one-year limitation period expired no later than July 19, 2022, and the § 2254 proceeding filed March 31, 2023, appears time-barred.

Within thirty (30) days of entry of this ruling, Morris must show cause in writing why the Amended Petition should not be summarily dismissed.  The failure to timely respond and overcome the time-bar may result in dismissal of the habeas action without further notice.  *See United States v. Mitchell*, 518 F.3d 740, 746 (10th Cir. 2008) ("AEDPA's time bar … may be raised by a court *sua sponte*…  [H]abeas proceedings are different from ordinary civil litigation and, as a result, our usual presumptions about the adversarial process may be set aside.").

**IT IS ORDERED** within thirty (30) days of entry of this Order, Morris must file a response showing cause, if any, why his Amended Petition should not be dismissed as untimely.

_____
KIRTAN KHALSA
UNITED STATES MAGISTRATE JUDGE

---

$^2$ The Court arrived at this figure by subtracting the number of days that initially elapsed (212) from the one-year period (*i.e.,* 365 days in a year - 212 days = 153 remaining days).

4