**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

GERARD MORRIS,

     Petitioner,

v.                                                                                          No. 23-cv-0282-MV-KK

HECTOR RIOS, *Warden,* and
ATTORNEY GENERAL FOR
THE STATE OF NEW MEXICO,

     Respondents.

**<u>PROPOSED FINDINGS AND RECOMMENDED DISPOSITION</u>**

THIS MATTER is before the Court on Petitioner Gerard Morris's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (Doc. 4) ("Amended Petition"), filed December 4, 2023. In his Amended Petition, Morris challenges his 2018 state conviction based on, *inter alia*, due process violations. (*Id.*). The Court previously directed Morris to show cause why his Amended Petition should not be dismissed as untimely in a Memorandum Opinion and Order. (Doc. 5 at 4). Morris filed a response to the Court's Memorandum Opinion and Order on March 4, 2024. (Doc. 6). The Respondents filed an Answer to the Amended Petition on June 2, 2025, in which they argue, *inter alia*, that the Court should dismiss the Amended Petition as untimely. (Doc. 12). Morris subsequently filed objections to the Respondents' Answer on June 23, 2025. (Doc. 14).

Senior United States District Judge Martha Vazquez referred this case to me pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (b)(3) to conduct hearings, if warranted, and to perform any legal analysis required to recommend to the Court an ultimate disposition. (Doc. 7). Having considered the parties' submissions and the relevant law, I conclude that Morris's Amended Petition is untimely. I therefore recommend that the Court DISMISS the Amended Petition because it is time-

barred by the applicable statute of limitations.

## I.  FACTUAL BACKGROUND

The background facts are taken from the Amended Petition (Doc. 4), and the state court dockets in Morris's criminal and postconviction proceedings. (*See* Case Nos. D-1329-CR-2017-009; A-1-CA-37410; S-1-SC-38573; and S-1-SC-39173). 1 The state court criminal and postconviction proceedings are subject to judicial notice. *See Mitchell v. Dowling,* 672 F. App'x 792, 793 n. 2 (10th Cir. 2016) (noting that federal courts in habeas cases may take "judicial notice of the state-court docket sheet to confirm the date that each motion was filed."); *Columbian Fin. Corp. v. Bowman*, 314 F.Supp.3d 1113, 1119 (D. Kan. 2018) ("The Court may take judicial notice of state court documents.").

In 2018, a New Mexico state jury convicted Morris of criminal sexual penetration of a child under thirteen (13) years of age. (Doc. 4 at 1). Morris was sentenced to eighteen (18) years of imprisonment followed by a term of parole.  (*Id*; *see also* Doc. 12-1 at 48, 52).  Judgment was entered on April 23, 2018. (Doc. 12-1 at 48). Morris filed a direct appeal challenging his conviction, and the New Mexico Court of Appeals ("NMCA") affirmed. *See State v. Morris,* No. A-1-CA-37410, mem. op. ¶ 19 (N.M. Ct. App. Oct. 21, 2020).  Morris then filed a state petition for a writ of certiorari, (Doc. 12-1 at 204), which was denied by the New Mexico Supreme Court ("NMSC") on November 25, 2020. (*Id.* at 217). Morris did not file a petition for a writ of certiorari with the United States Supreme Court. Consequently, his conviction became final no later than February 24, 2021, i.e*.,* the first day after the expiration of the ninety-day federal certiorari period.  *See*

---

[1] The Court takes judicial notice of the state court criminal and postconviction proceedings. *See Mitchell v. Dowling,* 672 F. App'x 792, 793 n. 2 (10th Cir. 2016) (noting that federal courts in habeas cases may take "judicial notice of the state-court docket sheet to confirm the date that each motion was filed."); *United States v. Ahidley*, 486 F.3d 1184, 1192 n. 5 (10th Cir. 2007) (courts have "discretion to take judicial notice of publicly-filed records"); *Columbian Fin. Corp. v. Bowman*, 314 F.Supp.3d 1113, 1119 (D. Kan. 2018) ("The Court may take judicial notice of state court documents.").

*Trimble v. Hansen*, 764 F.App'x 721, 723 (10th Cir. 2019) ("Because [Petitioner] did not seek certiorari review with the United States Supreme Court during his direct appeal proceedings, the judge recognized his conviction as final on October 27, 2014—the next business day after the 90-day window closed for filing a petition for a Writ of Certiorari…").

On September 24, 2021, Morris filed a habeas corpus petition with the New Mexico district court. (Doc. 12-1 at 220). The state district court dismissed the petition on November 19, 2021. (*Id*. at 261). Morris sought certiorari review with the NMSC, which denied relief via an order entered on February 15, 2022. (*Id*. at 265).

Morris initiated the instant, federal § 2254 proceeding on March 31, 2023. (Doc. 1). He amended his petition, pursuant to Court Order, on December 4, 2023. (Docs. 3, 4). In his Amended Petition, Morris alleges he was not permitted to confront his accusers; the evidence is insufficient to support his conviction; the state court failed to declare a mistrial; the jury failed to follow instructions; and the charging documents were improperly amended and/or contain inaccurate information. (Doc. 4 at 5, 7, 8, 10). By a Memorandum Opinion and Order filed on February 16, 2024, the Court screened the Amended Petition under Habeas Corpus Rule 4 and determined that Morris's claims were time-barred. (Doc. 5); *see also Day v. McDonough,* 547 U.S. 198, 209 (2006) ("In sum, we hold that district courts are permitted … to consider, *sua sponte*, the timeliness of a state prisoner's habeas petition."). The Court permitted Morris to show cause, if any, why the Amended Petition should not be dismissed as untimely. (Doc. 5 at 4).

## II.    DISCUSSION

In his response to the Court's Memorandum Opinion and Order, Morris asserts that, for various reasons, he is entitled to equitable and statutory tolling of the applicable statute of limitations for § 2254 petitions. (Doc. 6). First, he contends that various prison restrictions related

to the COVID-19 pandemic, "movements," and "no legal access of materials" prevented him from timely filing his § 2254 petition. (*Id*. at 2). Second, he avers that, "[w]ith certiorari review in NMSC was denied any relief, there were no notifications from the Supreme Court they received, reviewed, reason for dismissal and final memorandum." (*Id*.). In such circumstances, he argues that equitable and statutory tolling are appropriate where a petitioner, through no fault of his own, "fails to receive notice of the disposition of an appeal or post-conviction, and consequently delays his federal habeas filing." (*Id*.). Third, he appears to assert that equitable and statutory tolling are appropriate due to a lack of access to transcripts from his underlying proceedings. (*Id*. at 3). Morris also alleges he was unaware "of the 90-day period to file after appeals to seek federal certiorari review/and or relief." (*Id.*).

After considering these arguments, I conclude that Morris's Amended Petition is untimely and therefore time-barred by the applicable statute of limitations.

### III.    ANALYSIS

Petitions for a writ of habeas corpus by a person in state custody must generally be filed within one year after a criminal conviction becomes final. 28 U.S.C. § 2244(d)(1)(A). However, the one-year limitation period can be delayed to:

> (1) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (2) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (3) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*Id*. § 2241(d)(1)(B)–(D). Additionally, "[t]he time during which a properly filed application for

State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." *Id.* § 2244(d)(2). Moreover, because the one-year limitation period following the finality of a criminal conviction is not jurisdictional, it can also be extended through equitable tolling. *See Marsh v. Soares,* 223 F.3d 1217, 1220 (10th Cir. 2000) ("[W]e recognized that § 2244(d) is not jurisdictional, but subject to equitable tolling.").

In this case, Morris's criminal conviction became final - and the one-year period started running - no later than February 24, 2021, after Morris declined to seek federal certiorari review with the United States Supreme Court. *See Rhine v. Boone*, 182 F.3d 1153, 1155 (10th Cir. 1999) (discussing when a state conviction becomes final). Two hundred and twelve (212) days passed before Morris filed his first state habeas petition on September 24, 2021, which stopped the clock pursuant to § 2244(d)(2). That proceeding remained pending through February 15, 2022, when the NMSC entered its order denying Morris's certiorari petition. *See Lawrence v. Florida,* 549 U.S. 327, 332 (2007) (noting that for tolling purposes, a "state postconviction application remains pending until the application has achieved final resolution through the State's postconviction procedures.") (quotations omitted). The next day, February 16, 2022, statutory "tolling ceased," and the remaining "time for filing a federal habeas petition [153 days][2] resumed…." *Trimble*, 764 F.App'x at 724 (discussing habeas tolling calculations). The state court docket reflects that there was no additional tolling activity during the next 153 days. Accordingly, the one-year limitation period expired no later than July 19, 2022, and absent additional tolling, the § 2254 proceeding filed on March 31, 2023 is time-barred.

---

[2] The Court arrived at this figure by subtracting the number of non-tolling days that initially elapsed (212) from the total number of days in the one-year period (*i.e.,* 365 days in a year - 212 days = 153 remaining days).

Notably, Morris does not challenge the Court's construction of the timeline for calculating the timeliness of his § 2254 petition. (*See generally* Doc. 6). Instead, he argues he is entitled to equitable and statutory tolling of the one-year limitation period after his criminal conviction became final. (*Id*. at 2–3). I first address whether Morris has met his burden to apply equitable tolling and then address whether statutory tolling is appropriate.

**A. Equitable Tolling**

Equitable tolling is "a rare remedy to be applied in unusual circumstances." *Al-Yousif v. Trani*, 779 F.3d 1173, 1179 (10th Cir. 2015) (quoting *Yang v. Archuleta*, 525 F.3d 925, 929 (10th Cir. 2008)). To merit equitable tolling, a litigant "bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). To show diligence, a petitioner must allege "specific facts to show the steps he took to diligently pursue his federal claims while [extraordinary] circumstances existed." *Pena-Gonzales v. State*, No. 21-3174, 2022 WL 214747, at \*1 (10th Cir. Jan. 25, 2022) (quotations omitted). Accordingly, "a district court must consider what independent steps a petitioner took to secure relief and whether he acted diligently in doing so." *Adkins v. Warden*, 585 F.Supp.2d 286, 300 (D. Conn. 2008).

Assuming a petitioner shows the requisite diligence, the doctrine will only apply if some extraordinary circumstance outside of the petitioner's control prevented him from filing timely. *See Lawrence,* 549 U.S. at 336; *see also Menominee Indian Tribe of Wis. v. United States*, 577 U.S. 250, 256 (2016). Therefore, it is insufficient for a petitioner to simply point to an extraordinary circumstance; instead, the petitioner must also "allege specific facts that demonstrate *how* [the extraordinary circumstances]… impeded his ability to file a federal habeas petition." *Weibley v. Kaiser*, 50 F.App'x 399, 403 (10th Cir. 2002) (emphasis added); *see also Miller v. Marr*, 141 F.3d

976, 978 (10th Cir. 1998) ("Mr. Miller has provided no specificity regarding the alleged lack of access and the steps he took to diligently pursue his federal claims.").

### i. Extraordinary Circumstances

I conclude that Morris has not established that he was subjected to extraordinary circumstances that prevented him from filing a timely § 2254 habeas petition. In arguing that he is entitled to equitable tolling, Morris contends that "covid-19 restrictions, lost (sic) of family members (grandmother, father), lockdown, shakedowns, movements, and no legal access of materials" prevented him from timely filing. (*Id*. at 2). He also appears to assert that he did not receive notice of the NMSC's denial of his petitions for writ of certiorari on direct appeal and postconviction review. (*Id*.).[3] He claims that failure to receive notice of a disposition of a direct or postconviction appeal justifies applying equitable tolling. (*Id*.). He also appears to argue that equitable tolling is appropriate because of a lack of transcripts. (*Id.* at 3). Lastly, he seemingly contends that equitable tolling should be applied because he was unaware of the ninety-day period in which to file a petition for writ of certiorari with the United States Supreme Court after a state's highest court issues a decision. (*Id.*).[4]

I begin first with Morris's claim that he had a lack of access to legal materials. While a complete lack of access to legal materials may, in limited circumstances, constitute an

---

[3] In his Amended Petition, however, Morris only asserts that he did not receive notice of the disposition of his postconviction appeal. (Doc. 4 at 6).

[4] I also note that in his response, Morris avers he was "emotionally and mentally compromised for awhile" after "the denial through the appealing process." (*Id.* at 2). Mental illness can constitute an extraordinary circumstance that justifies applying equitable tolling to toll the statute of limitations for habeas petitions. *See Bolarinwa v. Williams*, 593 F.3d 226, 232 (2nd Cir. 2010) ("We see no reason why mental illness cannot similarly toll the AEDPA statute of limitations."). "In order to establish that a *habeas* claim is supported by equitable tolling, a petitioner must point to evidence—preferably medical—that shows, in detail, mental incapacitation impeding the ability to pursue rights." *Franklin v. New York*, 306 F.R.D. 103, 111 (E.D.N.Y. 2015). Here, Morris has neither put forward such evidence nor alleged specific facts demonstrating *how* a mental or emotional impairment prevented him from timely filing a § 2254 habeas petition. *See Weibley*, 50 F.App'x at 403. Accordingly, I conclude that this circumstance does not warrant equitable tolling.

extraordinary circumstance, *see Jones v. Taylor*, 484 F.App'x 241, 243 (10th Cir. 2012), ordinarily allegations of "limited access to materials and legal assistance" are insufficient to warrant equitable tolling. *Id*. at 242; *see also Miller*, 141 F.3d at 978 ("It is not enough to say that the Minnesota facility lacked all relevant statutes and case law or that the procedure to request specific materials was inadequate."); *Levering v. Dowling*, 721 F.App'x 783, 788 (10th Cir. 2018) (noting that a petitioner's "limited time in the law library" was not an extraordinary circumstance justifying equitable tolling); *Winston v. Allbaugh*, 743 F.App'x 257, 258 (10th Cir. 2018) ("We have also held that a claim of insufficient access to relevant law is not enough to support equitable tolling." (quotations and ellipses omitted)).

Moreover, a petitioner must go beyond merely claiming a complete lack of access to legal materials. Instead, he must allege specific facts that demonstrate *how* a lack of access to legal materials prevented him from timely filing a habeas petition. *See Weibley*, 50 F.App'x at 403; *see also United States v. Tinsman*, No. 21-7024, 2022 WL 3208346, at *2 (10th Cir. Aug. 9, 2022) (noting that a petitioner "must still allege facts about how….limited access prevented him from timely moving for relief."); *Stennis v. Place*, Civil Action No. 16-CV-14262, 2018 WL 3390444, at *4 (E.D. Mich. July 12, 2018) (declining to equitably toll the statute of limitations where the petitioner failed to specify "how the lack of access to those materials for a portion of the one-year period prevented him from timely filing his habeas petition."). Here, Morris has not provided any specific factual allegations that explain *how* a lack of access to legal materials, whether complete or partial, prevented him from timely filing his § 2254 petition. Thus, I conclude that he has not established that this constituted an extraordinary circumstance.

Morris also claims that he is entitled to equitable tolling due to restrictions and lockdowns in correctional facilities related to the COVID-19 pandemic. Notably, the Tenth Circuit has

declined to apply equitable tolling where habeas petitioners had "limited access to the prison law library due to COVID-19 quarantine lockdowns." *Strickland v. Crow*, No. 21-6085, 2022 WL 245521, at *4 (10th Cir. Jan. 27, 2022); *see also Donald v. Pruitt*, 853 F. App'x 230, 234 (10th Cir. 2021) (declining to apply tolling where petitioner had "limited access to the law library in the wake of COVID-19" and alleged "COVID restrictions prevented him from meeting with another inmate for help in preparing and filing his legal documents"). As one federal district court has explained, "[t]he bottom line is that the COVID-19 pandemic does not automatically warrant equitable tolling for any petitioner who seeks it on that basis. The petitioner must establish that he was pursuing his rights diligently *and* that the COVID-19 pandemic specifically prevented him from filing his motion." *United States v. Henry*, Civil No. 2:20-cv-01821, 2020 WL 7332657, at *4 (W.D. Pa. Dec. 14, 2020) (emphasis in original). Morris has simply not alleged any specific facts that establishes *how* the COVID-19 pandemic and its attendant restrictions within correctional facilities prevented him from timely filing his § 2254 petition.[5]

Nor has Morris established that he is entitled to equitable tolling through "movements." (Doc. 6 at 2). It is not clear if Morris is referring to a prison transfer when he refers to "movements" in his response. However, even assuming that he is referring to a prison transfer, a general allegation of a transfer, without more, is insufficient to merit equitable tolling. *See Stennis*, 2018 WL 3390444, at *3 ("General allegations of transfers, placement in segregation, and lack of access to legal materials are not exceptional circumstances warranting equitable tolling, especially where a

---

[5] In addition, I note that Morris does not provide any detail of *when* the correctional facility or facilities he was incarcerated in during the relevant period implemented COVID-19 restrictions due to the pandemic. Morris also provides no factual detail regarding how long lockdown(s), if any, lasted in the correctional facilities where he was incarcerated. This is another reason to conclude that Morris has not alleged specific facts that establish *how* the COVID-19 pandemic and its attendant restrictions prevented him from timely filing his habeas petition. *See Sandoval v. Jones*, 447 F.App'x. 1, 4 (10th Cir. 2011) ("As he did before the district court, he speaks with no detail as to the date of the alleged lockdown or its length, and how this might excuse the nearly eight-month delay in his habeas filing.").

petitioner does not sufficiently explain or present evidence demonstrating why his circumstances prevented him from timely filing a habeas petition.").

Morris also asserts that he is entitled to equitable tolling because he failed to receive notice of the NMSC's disposition of his direct and postconviction appeals. In his objections to the Respondents' Answer to his Amended Petition, Morris avers that he first received notice of the NMSC's denial of his petition for a writ of certiorari on his state habeas petition via a phone call from his mother. (Doc. 14 at 9). In support of his argument on this issue, Morris cites to *Plowden v. Romine*, 78 F.Supp.2d 115 (E.D.N.Y. 1999) for the proposition that equitable tolling is appropriate where a petitioner, through no fault of his own, fails to receive notice of the disposition of either his direct or postconviction appeal. (Doc. 6 at 2). However, I conclude that Morris has not established that the alleged failure to receive notice of the disposition of his direct and postconviction appeals constitutes extraordinary circumstances for two reasons.

First, with respect to Morris's argument regarding the lack of notice of the disposition of his direct appeal, the evidence before me demonstrates that he was aware that the NMSC denied his petition for a writ of certiorari on direct appeal prior to the expiration of the limitations period. In his state habeas petition, which was filed with the New Mexico district court on September 24, 2021, Morris asserted that he "appealed his conviction to the New Mexico Court of Appeals/Supreme Court, and the Court(s) affirmed his conviction." (Doc. 12-1 at 221). Therefore, at the latest, Morris was aware that his petition for writ of certiorari on direct appeal was denied by NMSC by September 24, 2021, well within the period to timely file a § 2254 petition. Given this evidence, I cannot conclude the alleged lack of notice of this disposition constitutes an extraordinary circumstance.

Second, *Plowden* cuts against Morris's argument. In *Plowden*, a habeas petitioner who filed

late argued he was entitled to equitable tolling because he did not receive notice of the disposition of his direct appeal. 78 F.Supp.2d at 117. In rejecting this argument, the court noted that "[t]here is no limiting principle to [petitioner's] argument that simple ignorance—absent any showing of diligence on his part or allegations of impediments to staying informed about his case—should provide a basis for equitable tolling." *Id*. at 120. The court noted that the petitioner had not alleged any impediments that would have prevented him from inquiring about the status of his case directly with the appellate court. *Id*. at 119. Similarly, here, Morris does not allege that there were any impediments placed in his way that prevented him from inquiring directly with the NMSC about the status of his direct and postconviction appeals. Had Morris done so, he likely would have been able to discover much sooner the status of his direct and postconviction appeals, allowing him to timely file his § 2254 petition. *See Walker v. Jastremski*, 159 F.3d 117, 119 (2nd Cir. 1998) (per curiam) ("And there is no indication that Walker could not, at an earlier date, have found out about the wrongs he currently alleges. On the contrary, there is every reason to think that, had he requested his record earlier, he would earlier have learned what he now claims was in it."). Accordingly, I conclude that a lack of notice regarding the disposition of Morris's direct and postconviction appeals does not constitute extraordinary circumstances.

Additionally, Morris argues he is entitled to equitable tolling due to a lack of access to transcripts. However, a lack of access to transcripts from the underlying proceedings, without more, does not constitute extraordinary circumstances sufficient to trigger equitable tolling. *See Levering*, 721 F.App'x at 788 ("Additionally, neither the difficulty in obtaining trial transcripts nor his limited time in the law library are extraordinary circumstances that would justify the use of equitable tolling." (quotations omitted)); *see also Lloyd v. Van Natta*, 296 F.3d 630, 634 (7th Cir. 2002) ("While we have not yet specifically addressed whether lack of a transcript would support equitable

tolling, the other circuits to consider this issue have held that the unavailability of a transcript does not allow equitable tolling to excuse an otherwise untimely petition."). And Morris has not provided any specific factual allegations explaining *how* a lack of transcripts prevented him from timely filing a § 2254 petition. *See Brantley v. Lewis*, Case No. SACV 14-0134-JGB (JEM), 2015 WL 4760701, at *6 (C.D. Cal. May 26, 2015) ("As stated above, Petitioner has not shown that he needed a copy of his *Marsden* hearing transcripts to file either his state petitions or the instant federal Petition.").

Lastly, Morris seems to suggest that the Court should apply equitable tolling because he was unaware of the ninety-day period to file for federal certiorari relief after a state's highest court has issued a final decision. While I am sympathetic to the plight of federal habeas petitioners, who often lack legal knowledge and skill, ignorance of the law is not an extraordinary circumstance that justifies equitable tolling. *See Cortez v. Saffle*, 7 F.App'x 836, 838 (10th Cir. 2001) ("Because his ignorance of the law is not an extraordinary circumstance warranting equitable tolling, we conclude that [Petitioner's] habeas application is time-barred." (internal citation omitted)).

### ii.   Due Diligence

Alternatively, even if Petitioner could establish extraordinary circumstances, I conclude that his response does not show the requisite diligence in pursuing his rights.   *See Pena-Gonzales*, 2022 WL 214747, at *1 (explaining that a habeas petitioner must show both extraordinary circumstances *and* that he "diligently pursue[d] his federal claims while those circumstances existed." (quotations omitted)).   Morris's response focuses on each circumstance that allegedly hindered his ability to timely file a § 2254 petition, but it mostly fails to describe what particular steps, if any, he took to pursue his § 2254 claims during the pendency of the one-year limitation period, *i.e.,* between February 24, 2021 and September 24, 2021 and between February 16, 2022

and July 19, 2022. *See Gordon v. Crow,* No. 22-6172, 2023 WL 3065542, at \*2 (10th Cir. Apr. 25, 2023) ("[W]hat a petitioner did both before and after the extraordinary circumstances that prevented him from timely filing may indicate whether he was diligent overall." (quotations omitted)); *see also Donald*, 853 F. App'x at 234 (noting that an inmate who experiences COVID-19 lockdowns must still show "he was pursuing his rights diligently throughout the one-year window, including before the COVID-19 restrictions went into place.").

For example, regarding his alleged lack of access to legal materials, Morris avers in his response that he had to "obtain my own legal materials to become more aware of understanding the rules, regulations and terms so I may be able to stand on my own two feet when presenting myself in court matters respectfully." (Doc. 6 at 2). Morris adds in his response that "[w]ith the help of my mother and father leaving me some money, I was able to obtain some law books, law dictionary, writing materials and completed one of the Blackstone programs out of Allentown, Pennsylvania." (*Id.*). The Tenth Circuit has characterized similar actions as constituting "some showing of diligence." *Tinsman*, 2022 WL 3208346, at \*4. However, I conclude that Morris's showing on this issue is insufficient for three reasons.

First, to demonstrate the requisite diligence to apply equitable tolling, a petitioner "must show that he has been reasonably diligent in pursuing his rights *not only* while an impediment to filing caused by an extraordinary circumstance existed, but before and after as well, up to the time of filing his claim in federal court." *Smith v. Davis*, 953 F.3d 582, 598–99 (9th Cir. 2020) (en banc) (emphasis added)*; see also Donald*, 853 F.App'x at 234. Here, Morris's response is devoid of any specific factual allegations concerning the time period in which he allegedly lacked access to legal materials. Consequently, without such factual detail, he has not shown that he was diligently pursuing his rights *before* the alleged impediment of lack of access to legal materials arose.

Second, although Morris asserts that he obtained some law books, a law dictionary, and took a Blackstone legal program on his own, he does not provide any specific factual detail of *when* such steps were taken. This is important because, to show diligence, a habeas petitioner must demonstrate that he has pursued his rights "*throughout* the tolling period." *Dominguez v. Rios*, No. 22-cv-0942 MV-SCY, 2025 WL 2966312, at *6 (D.N.M. Oct. 21, 2025) (emphasis in original). Here, the limitations period began to run on February 24, 2021, was paused on September 24, 2021, and resumed on February 16, 2022. As noted, the Court has calculated that Morris had until July 19, 2022 to file a timely petition. However, with no specific factual detail of *when* Morris took steps to obtain legal materials on his own, he has failed to establish that he was diligently pursuing his rights throughout the limitations period

Third, while Morris alleges he lacked access to legal materials, he has not offered any specific factual allegations that he requested access to legal materials while he was incarcerated. Without such a showing, Morris has not demonstrated the requisite diligence. *See Tinsman*, 2022 WL 3208346, at *2 ("An inability to access legal materials can also merit equitable tolling, but Petitioner would still have to show the requisite diligence, such as by showing he made multiple requests that his documents be returned before the deadline." (quotations omitted)); *see also Gutierrez v. Hill*, No.: 22cv1413-JO(LR), 2023 WL 3365164 at *9 (S.D. Cal. May 9, 2023) (concluding that a habeas petitioner had not demonstrated he was diligently pursuing his rights where "Petitioner has not presented any arguments or documentation showing that he requested, and was denied, access to the law library."), *report and recommendation adopted*, Case No. 22cv1413-JO-LR, 2023 WL 6215291 (S.D. Cal. Sep. 25, 2023). Nor has Morris offered any factual detail concerning what legal materials he needed to timely file his § 2254 petition. *See Way v. Att'y Gen. for New Mexico*, No. 1:23-cv-229 SMD/LF, 2025 WL 485490, at *4 (D.N.M. Feb. 13, 2025)

(concluding a habeas petitioner had not shown the requisite diligence because the petitioner did "not state what legal materials he needed or why he could not file his § 2254 Petition without those materials.").

Similarly, Morris has not demonstrated that he was acting with the requisite diligence in the face of restrictions related to the COVID-19 pandemic within correctional facilities and prison transfers. As already discussed, Morris's response is bereft of specific factual allegations concerning *when* COVID-19 restrictions were implemented in the correctional facilities where he was incarcerated and whether he was pursuing his rights *prior* to the implementation of such restrictions. And, he has not included any specific factual allegations in his response that establishes *when*, if at all, he was transferred between correctional facilities and whether he was pursuing his rights *prior* to a transfer. Consequently, he has not shown that he acted with the requisite diligence *prior* to the alleged impediments of COVID-19 restrictions and prison transfers. *See Tinsman*, 2022 WL 3208346, at *4 ("The caselaw establishes that lockdowns alone, even ones due to COVID-19, do not warrant equitable tolling without Petitioner proving he pursued his rights *until* the lockdowns prevented him from doing so." (emphasis added); *see also Smith*, 953 F.3d at 598–99.

Further, I conclude that Morris has failed to establish that he acted with the requisite diligence in the face of allegedly failing to receive notice of the disposition of his direct and postconviction appeals. As noted earlier, Morris has not offered any specific factual allegations that he was impeded from requesting updates on both his direct and postconviction appeals with the NMSC. *See* Plowden, 78 F.Supp.2d at 119 (rejecting a petitioner's argument that equitable tolling should apply due to lack of notice of appellate decision on direct appeal where petitioner did "not allege that there was any impediment to his inquiring during that time."). Nor has he asserted any factual allegations that he made any attempts to stay informed on the status of his direct and

postconviction appeals with the NMSC. As the court in *Plowden* observed, "[t]here is no limiting principle to [petitioner's] argument that simple ignorance—absent any showing of diligence on his part or allegations of impediments to staying informed about his case—should provide a basis for equitable tolling." *Id.* at 120.

Finally, Morris has not shown the requisite diligence with regard to the alleged impediment of a lack of transcripts. As an initial matter, Morris's response does not contain any specific factual allegations that he requested and was denied access to any transcripts *during* the statute of limitations period. *See Gonzalez v. Jacquez*, No. CV 09-4118 PA(JC), 2011 WL 5117674, at *6 (C.D. Cal. Sep. 21, 2011) ("Moreover, although petitioner claims he was deprived of his transcripts, the record does not reflect that petitioner exercised due diligence in attempting to obtain such transcripts before the statute of limitations expired…"), *report and recommendation adopted*, No. CV 09-4118 PA(JC), 2011 WL 5117671, (C.D. Cal. Oct. 27, 2011).   Moreover, Morris has not offered any factual allegations concerning why he required transcripts to timely file his § 2254 petition. *See Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 751 (6th Cir. 2011) ("[A]ccess to the [] transcript[s]—although understandably helpful to petitioners—is not necessary to file a habeas petition, as was demonstrated in the present case by the fact that Hall ultimately filed his without ever having received the transcript[s].").

Accordingly, I conclude that Morris, in addition to failing to demonstrate extraordinary circumstances, has failed to show the requisite diligence to apply equitable tolling.

**B. Statutory Tolling**

Morris relies on identical arguments to argue for statutory tolling under three subsections of § 2244. First, Morris appears to argue he is entitled to statutory tolling under § 2244(d)(2) because of his alleged lack of access to legal materials, prison restrictions due to COVID-19, and prison

transfers. (Doc. 6 at 2). However, as an initial matter, § 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." § 2244(d)(2).   Morris has not objected to the Court's reconstruction of the state court filing timeline or pointed to any additional state habeas petitions that would toll the statute of limitations. Therefore, § 2244(d)(2) is inapplicable to these issues.

Morris may have intended to argue that alleged lack of access to legal materials, restrictions from the COVID-19 pandemic in correctional facilities, and prison transfers constitute state-created impediments under § 2244(d)(1)(B). This subsection provides that the statute of limitations will begin to run on "the date on which the impediment to filing an application created by state action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action." § 2244(d)(1)(B). However, to the extend Morris's arguments were intended to invoke this subsection, they fare no better.

First, the Tenth Circuit has held that statutory tolling under § 2244(d)(1)(B) is only available to petitioners who "demonstrate that the alleged shortcomings in the library or legal assistance program hindered [their] efforts to pursue a legal claim." *Garcia v. Hatch*, 343 F.App'x 316, 318 (10th Cir. 2009) (quotations omitted). To meet this burden, a petitioner must allege specific facts demonstrating *how* the lack of access to legal materials hindered his efforts to timely file a habeas petition. *Id*. Here, Morris has only alleged in vague and conclusory fashion that he lacked access to legal materials while he was incarcerated. He has not, for example, provided any factual allegations of the time period during which he was allegedly denied access to legal materials, whether he made any requests to access legal materials, or explaining *how* a lack of access to legal materials hindered his efforts to timely file a § 2254 petition. This is insufficient to apply statutory tolling under §

2244(d)(1)(B). *See Miller*, 141 F.3d at 978; *See Rowe v. Jackson*, Case No. 3:21-cv-05888-RAJ-DWC, 2022 WL 16838177, at *6 (W.D. Wash. June 13, 2022) ("Again, however, his allegations are unsubstantiated and conclusory. Thus, Petitioner has not shown that § 2244(d)(1)(B) applies." (internal citation omitted), *report and recommendation adopted*, No.3:21-CV-5888-RAJ-DWC, 2022 WL 16835840 (W.D. Wash. Nov. 9, 2022).

Morris also has not demonstrated that he is entitled to statutory tolling under § 2244(d)(1)(B) based on COVID-19 restrictions and prison transfers. As an initial matter, Morris fails to assert that the purported COVID-19 restrictions and prison transfers violated either the Constitution or the laws of the United States. *See Mack v. Alves*, 578 F.Supp.3d 154, 157 (D. Mass. 2021) (declining to apply statutory tolling under § 2244(d)(1)(B) due to COVID-19 restrictions where the petitioner "fail[ed] to assert that the purported, state-created impediment that prevented him from filing his petition violated the Constitution or laws of the United States, as required under the provision."). Additionally, to warrant statutory tolling under § 2244(d)(1)(B), a petitioner must "show a causal connection between the unlawful impediment and his failure to file a timely habeas petition." *Bryant v. Arizona Att'y Gen.*, 499 F.3d 1056, 1060 (9th Cir. 2007); *see also Garcia*, 343 F.App'x at 319. Here, Morris's response is devoid of any factual allegations that explain *how* the purported COVID-19 restrictions or prison transfers prevented him from filing a timely § 2254 petition.

Additionally, Morris contends that his failure to receive notice of the dispositions of his direct and postconviction appeals constitutes a state-created impediment under § 2244(d)(1)(B). This argument presents a closer call. To begin, Morris is not entitled to statutory tolling due to an alleged failure to receive notice of the disposition of his postconviction appeal. *See Phillips v. Bowersox,* No. 4:13-CV-355 (CEJ), 2014 WL 2643550, at *2 (E.D. Mo. June 13, 2014) ("Although

lack of notice that a state judgment of conviction has become final could be an impediment to justify tolling under § 2244(d)(1)(B), lack of notice of a decision on a state post-conviction motion is not." (internal citation and quotations omitted)). This is because while § 2244(d)(1)(B) states that the statute of limitations can begin to run on the date on which a state-created impediment is removed, this subsection "does not authorize statutory tolling where an impediment arises during a limitations period that is *already* running." *Chhoeum v. Shannon*, 219 F.Supp.2d 649, 653 (E.D. Pa. 2002) (emphasis added), *overruled on other grounds by Douglas v. Horn*, 359 F.3d 257 (3rd Cir. 2004). Here, the limitations period began to run after Morris's state court conviction became final on February 24, 2021, which started the limitations period pursuant to § 2244(d)(1)(A).[6] Morris filed his state habeas petition on September 21, 2021, meaning any alleged state-created impediment related to his postconviction appeal only arose *after* the limitations period began to run. Consequently, Morris is not entitled to statutory tolling on this basis.[7]

Nor can Morris establish that he is entitled to statutory tolling under § 2244(d)(1)(B) based on an alleged failure to receive notice of the disposition of his direct appeal. In *Earl v. Fabian*, the Eighth Circuit considered whether lack of notice of a decision that makes a habeas petitioner's conviction final could constitute a state-created impediment under § 2244(d)(1)(B). 556 F.3d 717, 726 (8th Cir. 2009). In answering the question in the affirmative, the Eighth Circuit stated, "the lack of notice that a state judgment of conviction has become final could be an impediment that

---

[6] I again note that Morris does not challenge this calculation of when the limitations period began to run.

[7] Additionally, I note that under § 2244(d)(2), the one-year statute of limitations is tolled while a "properly filed application for State post-conviction or other collateral review with the respect to the pertinent judgment or claim is pending." § 2244(d)(2). However, the Tenth Circuit has clarified that a state habeas petition remains "pending" only until a state high's court rules on the petition, not when the habeas petitioner receives notice of the decision. *Trimble*, 764 F.App'x at 724. The Tenth Circuit has noted that "[c]ircuit courts have consistently held the federal habeas limitations period not to be subject to any sort of notice rule." *Id.* If lack of notice of the disposition of a postconviction application is insufficient to extend tolling under § 2244(d)(2), it is unclear why it would constitute a basis for statutory tolling under § 2244(d)(1)(B).

prevents a prisoner from filing a petition depending on the particular circumstances of the case." *Id*. In support of its conclusion, the Eighth Circuit reasoned that lack of notice that a state conviction had become final could effectively deprive a habeas petitioner of their constitutional right to access the courts. *Id*. at 727. Accordingly, the Eighth Circuit remanded the matter to the district court to develop factual findings on what mechanism the state used to notify the petitioner of the state conviction becoming final and when the petitioner received such notice. *Id*. at 728.[8]

While *Earl* lends some credence to Morris's argument, I find that it is readily distinguishable from the facts of this case. Unlike in *Earl*, the evidence here demonstrates that Morris was aware that his state conviction had become final by at least September 24, 2021, the date he filed his state court habeas petition. In that petition, Morris wrote that "he appealed his conviction to the New Mexico Court of Appeals/Supreme Court, and the Court(s) affirmed his conviction." (Doc. 12-1 at 221). Therefore, at least by September 24, 2021, which was well within the one-year limitations period, Morris was aware that his state conviction had become final. Thus, an alleged lack of notice that the state conviction had become final cannot serve as basis for statutory tolling under §2244(d)(1)(B).

Finally, Morris argues that he is entitled to statutory tolling pursuant to § 2244(d)(1)(D), which provides that the statute of limitations can begin to run on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of reasonable diligence." § 2244(d)(1)(D). In his response, Morris asserts that "transcripts were mailed, studying and many hours were used to better understand legal matters, then finding a way to draft a habeas corpus [petition] to bring new materials into the courts." (Doc. 6 at 3). However,

---

[8] Notably, in contrast to equitable tolling due to a lack of notice of a state judgment of conviction becoming final, the Eighth Circuit declined to read into § 2244(d)(1)(B) a due diligence requirement for habeas petitioners. *Id*. at 727.

Morris does not identify any newly discovered facts or the claims to which they allegedly apply. Nor does he explain why such facts could not have been discovered earlier through reasonable diligence. Accordingly, Morris has not established that he is entitled to statutory tolling on this basis. *See e.g. Mason v. Chapman*, Case No. 23-CV-12359, 2024 WL 3825235, at \*4 (E.D. Mich. Aug. 13, 2024) (denying argument for statutory tolling under § 2244(d)(1)(D) where "[p]etitioner does not identify which of his claims are based on newly discovered facts or why these facts could not have been discovered sooner with due diligence.").

Further, to the extent Morris intends to argue that the factual predicate of his claims could only be discovered through reviewing transcripts, this is not a basis for statutory tolling under § 2244(d)(1)(D). *See Heinemann v. Murphy*, 401 F.App'x. 304, 309 (10th Cir. 2010) ("Courts have unanimously rejected the proposition that the absence of transcripts automatically triggers statutory tolling…"); *see also Guzman v. Superior Ct. of California*, 2018 WL 7117104, at \*3 (C.D. Cal. Dec. 12, 2018) ("Petitioner is not entitled to a delay of accrual because of any alleged lack of access to documents concerning his case because, no later than the conclusion of his direct appeal, Petitioner was or should have been aware of the factual predicates for his claims."), *report and recommendation adopted*, 2019 WL 317245 (C.D. Cal. Jan. 24, 2019).

## IV.   CONCLUSION

In sum, Morris has failed to show an entitlement to equitable tolling or statutory tolling. The one-year limitation period expired no later than July 19, 2022, and the § 2254 proceeding filed on March 31, 2023, is time-barred.  Accordingly, I recommend that the Court DISMISS the Amended Petition (Doc. 4) with prejudice.  I also recommend that the Court deny a certificate of appealability ("COA") under Habeas Corpus Rule 11, as the time-bar is not reasonably debatable in this case.  *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (noting that a COA should only be

issued where "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.").

_____

KIRTAN KHALSA
UNITED STATES MAGISTRATE JUDGE

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**